### UNITED STATES of America, Plaintiff–Appellee

v.

### Noel ROBLES–ROBLES, also known as Victor Ortiz–Cabrera, also known as Francisco Lopez–Loya, Defendant–Appellant.

#### No. 07–10840
#### Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 11, 2008.

Denise B. Williams, U.S. Attorney's Office, Northern District of Texas, Lubbock, TX, for Plaintiff–Appellee.

David E. Sloan, Federal Public Defender's Office, Northern District of Texas, Lubbock, TX, for Defendant–Appellant.

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM: *

Noel Robles–Robles appeals his guilty plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that the district court plainly erred by determining that his prior conviction under 21 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

---

§ 841(a)(1) was a "drug trafficking offense" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(i). We disagree. A comparison of the statute and Guideline at issue shows that a conviction under § 841(a)(1) qualifies as a drug trafficking offense under § 2L1.2(b)(1)(A)(i). *See* § 841(a)(1), § 2L1.2, comment. (n.1(B)(iv)). Robles–Robles's argument to the contrary is unavailing.

In light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Robles–Robles challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. His argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008).

The judgment of the district court is AFFIRMED.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.